**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

JEFFREY KIRBY,

Plaintiff,

- against -

YONKERS SCHOOL DISTRICT and
BERNARD PIERORAZIO, sued in his
individual capacity,

Defendant(s)

-------------------------------------------------------------X

**ANSWER**

07 Civ. 10684 (SR) (ECF)

Defendant, by its attorneys, Donoghue, Thomas, Auslander & Drohan, LLP, states as follows:

1.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "1."

2.      With regard to par. "2," admits that was plaintiff's assignment for part of the 2006-2007 school year.

3.      With regard to par. "3," admits plaintiff was assigned to Hawthorne PEARLS at the commencement of the 2006-2007 school year.

4.      Admits par. "4."

5.      With regard to par. "5," admits only that defendant Bernard Pierorazio is the duly appointed Superintendent of Schools in Yonkers.

6.      With regard to par. "6," admits only that the Court has jurisdiction over this matter, and that plaintiff did timely file a notice of claim.

7.    With regard to par. "7," admits only that plaintiff held provisional certificates in Health and Physical Education at the commencement of the 2006-1007 school year.

8.    Denies par. "8."

9.    Denies the allegations of par. "9," and affirmatively asserts that the observation contained comments and admonitions such as:

- "...(B)e sure to display appropriate anatomical drawings when discussing anatomy...Please refer to the health textbook or Internet." (10/22/07).

- "...(O)bjective of lesson should be visible." (10/23/06).

- "...(T)he lesson was very didactic and teacher centered. Be sure that students are more actively engaged and involved in discussions. When you ask questions, be sure to provide students with time and opportunity to respond." (12/06/06).

- "...(M)r. Kirby needs to establish classroom procedures/rules for student interaction that are clearly presented and consistently applied." (11/08/06).

- "...(M)ore time is needed for active student participation in the lesson." (1/9/07)

10.    Denies par. "10."

11.    Denies par. "11."

12.    Admits par. "12."

13.    Admits par. "13."

14.    Admits par. "14."

15.    Admits par. "15."

16.    Admits par. "16."

2

17.     Denies par. "17."

18.     Denies par. "18," but admits the student entered class late that day.

19.     Admits par. "19."

20.     Admits par. "20."

21.     With regard to the allegations of par. "21," denies plaintiff apologized, and asserts Plaintiff was very defensive regarding that parent's issues.

22.     Denies par. "22," but admits the principal and assistant did not defend plaintiff's conduct.

23.     Admits par. "23."

24.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "24."

25.     Admits par. "25."

26.     Denies par. "26."

27.     Denies par. "27."

28.     Denies par. "28."

29.     Admits par. "29."

30.     With regard to par. "30," admits the allegations, except denies that Dr. Lugo advised Plaintiff that any transfer was off.

31.     Denies par. "31."

32.     Denies par. "32," except denies having knowledge or information sufficient to form a belief as to the truth of whether Plaintiff was advised to go home and report Monday to the personnel office.

33.     Denies par. "33," but admits Mr. Pierorazio issued a statement on January 26, 2007

stating, in part, that an unidentified health teacher at Hawthorne PEARLS "...introduced a lesson to a seventh grade class on human anatomy in an unprofessional and unacceptable manner."

34.     With regard to par. "34," denies that plaintiff had been teaching in accordance with the New York State curriculum on the date in question, and denies Mr. Pierorazio slandered the plaintiff.

35.     With regard to par. "35," admits only that plaintiff was transferred, in the best interests of the District, from Hawthorne PEARLS to the Central Office from January 29, 2007 - March 26, 2007.

36.     Denies par. "36," and affirmatively asserts that the Superintendent had advised plaintiff in writing, as required by State law: that he intended to recommend the Board terminate plaintiff's services for exhibiting poor professional judgment and failing to follow the principal's directives; that plaintiff, in fact, was afforded a hearing with his Union representative with the Superintendent; and that after the hearing, the Superintendent determined he would not terminate Mr. Kirby's services, and a change in assignment would occur.

37.     With regard to "37," we respectfully refer the Court to the text of the communication for its full meaning and impact.

38.     With regard to par. "38," admits only that the letter at issue was written by Mr. Rose and discussed with Mr. Pierorazio.

39.     Denies par. "39."

40.     Denies par. "40."

41.     With regard to par. "41," admits Plaintiff was assigned as a substitute teacher, covering most classes where teacher absences might occur, with the exception of Health.

42.     Denies par. "42."

43.     Denies "43."

44.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "44."

45.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "45."

46.     With regard to par. "46," denies the student was out of control, asserts plaintiff illegally and forcefully pushed the student, and asserts such conduct is not recognized as a legal intervention for disciplining a student in the State of New York.

47.     Denies, upon information and belief, the allegations of par. "47."

48.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "48."

49.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "49."

50.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "50."

51.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "51."

52.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "52."

53.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "53."

54.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "54."

55.     Denies par. "55."

56.     With regard to par. "56," admits only that plaintiff called security at some point during his incident with the student.

57.     Denies par. "57."

58.     Denies par. "58."

59.     Denies par. "59."

60.     Denies par. "60."

61.     Denies par. "61."

62.     Denies par. "62," but asserts plaintiff did have inappropriate physical conduct with the student.

63.     Denies par. "63."

64.     With regard to par. "64," admits school administrators and security guards responded to the classroom immediately after having been summoned by the plaintiff.

65.     Denies par. "65."

66.     Admits par. "66."

67.     With regard to par. "67," admits plaintiff told the school principal he did not want to press charges, and denies the balance of that paragraph.

68.     With regard to par. "68," admits the school principal stated he would take care of the matter, and denies the balance of that paragraph.

69.     Denies par. "69."

70.     With regard to par. "70," admits the principal suggested that the plaintiff, who was

in an agitated state, should calm down, and then connected plaintiff with plaintiff's Union representative and arranged for coverage for the plaintiff's class.

71.     Denies par. "71."

72.     Denies par. "72," except admits the principal spoke to plaintiff about not impeding the investigation.

73.     Denies par. "73."

74.     Denies par. "74."

75.     Admits par. "75."

76.     With regard to par. "76," admits only that a notice of claim had been filed.

77.     Denies par. "77."

77.     Denies the allegations of the second paragraph numbered "77."

78.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of "78."

79.     Denies par. "79."

80.     Admits par. "80."

81.     Denies par. "81."

82.     Denies par. "82."

83.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "83."

84.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations of par. "84."

85.     Defendants repeat and reiterate the admissions and denials of the previous paragraphs with the same force and effect as if set forth herein at length.

7

86.    Denies par. "86."

87.    Denies par. "87."

88.    Denies par. "88."

89.    Denies par. "89."

## FIRST AFFIRMATIVE DEFENSE

90.    Defendants possessed legitimate reasons for terminating plaintiff, including, but not limited to, his inappropriate physical conduct with a student.

## SECOND AFFIRMATIVE DEFENSE

91.    Defendant Pierorazio's actions which are claimed to violate the First Amendment are protected by qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

92.    Any statements attributed to Defendant Pierorazio with regard to the January 24, 2007 incident are statements of opinion, protected by the First Amendment.

## FOURTH AFFIRMATIVE DEFENSE

93.    The complaint fails to state a cause of action for violation of substantive due process.

## FIFTH AFFIRMATIVE DEFENSE

94.    Plaintiff requested, and was granted, an opportunity to tell his side of the story with regard to the events of both January 4, 2007 and June 5, 2007.

## SIXTH AFFIRMATIVE DEFENSE

95.    Plaintiff's speech was made pursuant to his official duties and is not entitled to First Amendment protection.

## SEVENTH AFFIRMATIVE DEFENSE

96.    Plaintiff is not entitled to First Amendment protection when speaking in class on

viewpoints that depart from the curriculum.

## EIGHT AFFIRMATIVE DEFENSE

97.    Plaintiff was not deprived of any liberty interest as a result of the alleged remarks of

Defendent Pierorzio.

WHEREFORE, it is respectfully requested the Complaint be dismissed in all respects.

Dated:    Hopewell Junction, New York
          January 7, 2008

Yours, etc.

DONOGHUE, THOMAS, AUSLANDER & DROHAN, LLP

By:    _Vincent P. D'Andrea_

Vincent P. D'Andrea (VD6614)
Attorneys for Defendants
2517 Route 52
Hopewell Junction, NY 12533
Tel.:  (845) 227-3000
FAX:  (845) 227-6873

TO:    Michael H. Sussman, Esq.
       Attorney for Plaintiff
       P.O. Box 1005
       Goshen, New York  10924
       Tel.:  (845) 294-3991
       FAX:  (845) 294-1623